RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 2 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD RAY JOHNSON, JR., <br> Petitioner | CIVIL ACTION <br> SECTION "P" <br> NO. 1:12-cv-00092 |
| VERSUS | |
| WARDEN, LOUISIANA STATE PENITENTIARY, <br> Respondent | JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se petitioner Donald Ray Johnson, Jr. ("Johnson") on January 19, 2012 (Doc. 1). Johnson is contesting his 2008 conviction for first degree murder entered pursuant to his guilty pleas in the Twelfth Judicial District Court in Avoyelles Parish, Louisiana; in separate but related dockets, Johnson also pleaded guilty to unauthorized use of a motor vehicle and unauthorized use of an access card. Johnson received a total sentence of life imprisonment on all three charges and is currently confined in the Louisiana State Penitentiary in Angola, Louisiana.

In his sole ground for relief, Johnson contends he was denied the effective assistance of counsel when his trial attorneys failed to pursue an insanity defense and failed to pursue the claim that Johnson lacked the mental capacity to proceed, by terminating the efforts being made by the Veterans Administration to secure a mental evaluation for him.

### Rule 8(a) Resolution

This court is able to resolve the merits of this habeas corpus

petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the petitioner's claims, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. Moya v. Estelle, 696 F.2d 329, 332-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination* of the facts in light of the evidence presented in the State Court proceeding. Therefore, pure questions of law and mixed questions

of law and fact are reviewed under Section 2254 (d)(1), and questions of fact are reviewed under Section 2254(d)(2). <u>Martin v. Cain</u>, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885, 122 S.Ct. 194 (2001), and cases cited therein.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. <u>Martin</u>, 246 F.3d at 476, and cases cited therein.

A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. <u>Martin</u>, 246 F.3d at 476, and cases cited therein.

When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under Section 2254 unless the harmlessness determination itself was unreasonable. <u>Mitchell v. Esparza</u>, 540 U.S. 12, 124 S.Ct. 7

(2003). Moreover, in Section 2254 proceedings, a federal court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the "substantial and injurious effect" standard set forth in Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710 (1993), whether or not the state appellate court recognized the error and reviewed it for harmlessness. Fry v. Pliler, 551 U.S. 112, 127 S.Ct. 2321 (2007). The Court should treat the error as if it affected the verdict, and the State bears the burden of persuasion as to the harmlessness of the error. Fry, 2007 WL 1661463 at *6.

## Facts

The facts of this case were set forth by the Louisiana Third Circuit Court of Appeals in State v. Johnson, 09-159(La. App. 3d Cir. 2009), 20 So.3d 568, 569[1] as follows:

> "On March 29, 2008, the Defendant killed Janaver Lynn Ann Distefano, who was sixty-five years of age or older, while engaged in the perpetration or attempted perpetration of an armed robbery, by beating her and stabbing her with a knife. The Defendant then drove away in Distefano's vehicle and subsequently used her bank access card."

## Law and Analysis

Johnson contends he was denied the effective assistance of counsel when his trial attorneys failed to purse an insanity defense and failed to pursue the claim that Johnson lacked the

---

[1] See also, State v. Johnson, 09-161 (La. App. 3d Cir. 2009), 20 So.3d 573 (affirming conviction for unauthorized use of an access card).

4

mental capacity to proceed by terminating the efforts being made to secure a mental evaluation for him and having him plead guilty, even though he may not have been mentally competent to do so.

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Anderson v. Collins, 18 F.3d 1208, 1215 (5th Cir. 1994), and cases cited therein. Also, Jones v. Cain, 227 F.3d 228 (5th Cir. 2000), and cases cited therein.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight and

to evaluate the conduct from counsel's perspective at the time. Dowthitt v. Johnson, 230 F.3d 733 (5th Cir. 2000), cert. den., 532 U.S. 915, 121 S.Ct. 1250 (2001), citing Strickland, 466 U.S. at 689. Thus, the court's scrutiny of counsel's performance is highly deferential. The court must be particularly wary of arguments that essentially come down to a matter of degrees, i.e., did counsel investigate enough or did counsel present enough mitigating evidence? Those questions are even less susceptible to judicial second-guessing. Dowthitt, citing Kitchens v. Johnson, 190 F.3d 698, 703 (5th Cir.1999).

A habeas petitioner who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. Nelson, 989 F.2d at 850, citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Under Strickland, even where trial counsel has failed to adequately investigate a case, a defendant must demonstrate that he has been prejudiced by his counsel's failure. See Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir.1986), cert. den., 479 U.S. 1030, 107 S.Ct. 873 (1987). To show prejudice, the petitioner must prove that an alleged breach of his attorney's duty to investigate resulted in an actual and substantial disadvantage to the course of his defense. Baldwin, 704 F.2d at 1333.

A petitioner in a habeas proceeding claiming that he was

incompetent at the time of trial must first come forward with "meaningful evidence" of mental incompetency. See <u>Demosthenes v. Baal</u>, 495 U.S. 731, 110 S.Ct. 2223 (1990), citing <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 110 S.Ct. 1717 (1990). He must present facts sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to his mental competency. <u>Dunn v. Johnson</u>, 162 F.3d 302, 306 (5th Cir. 1998), cert. denied, 526 U.S. 1092, 119 S.Ct. 1507 (1999). A habeas petitioner has the burden of showing that the objective facts known to the trial court were sufficient to raise a bona fide doubt as to the petitioner's competency. <u>McBride v. Johnson</u>, 122 F.3d 1067 (5th Cir. 1997), citing <u>Enriquez v. Procunier</u>, 752 F.2d 111, 113 (5th Cir. 1984), cert. denied, 471 U.S. 1126, 105 S.Ct. 2658 (1985).

Brief and conclusory allegations that his attorney's representation was deficient because of a failure to investigate and develop useful evidence will not suffice. See <u>Anderson v. Collins</u>, 18 F.3d 1208 (5th Cir. 1994). In determining whether there is sufficient evidence to require an evaluation of mental competency, the Fifth Circuit has focused on three factors: existence of a history of irrational behavior, the petitioner's demeanor at trial, and prior medical opinions. <u>United States v. Williams</u>, 819 F.2d 605, 608 (5th Cir.1987), cert. denied, 484 U.S. 1017, 108 S.Ct. 726 (1988).

In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof. U.S. v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999), citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir.), cert. den., 513 U.S. 966, 115 S.Ct. 432 (1994). In the context of a guilty plea, a petitioner must prove not only that his attorney actually erred, but also that he would not have pleaded guilty but for the error. Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994), cert. den., 513 U.S. 966, 115 S.Ct. 432 (1995).

Johnson was initially charged with first degree murder, to which he entered a not guilty plea; subsequently, Johnson changed his plea to guilty pursuant to a plea agreement. Johnson, 20 So.3d at 569. As part of his plea agreement, the State waived imposition of the death penalty and agreed that Johnson would receive a sentence of life imprisonment without benefit of probation, parole, or suspension of sentence. Johnson, 20 So.3d at 569. Johnson now contends his counsel erred in failing to pursue the defense of not guilty by reason of insanity and his claim that he was not mentally competent to proceed.

In a case where the petitioner asserts the affirmative defense of insanity, the ultimate issue is whether, at the time of the offense, the petitioner was incapable of appreciating the nature and wrongfulness of his conduct. United States v. Levine, 80 F.3d 129, 134 (5th Cir.), cert. denied, 519 U.S. 824, 117 S.Ct. 83

(1996). In addition, the Constitution prohibits the trial and conviction of a criminal defendant who is mentally incompetent at the time of trial. It is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently "waive" his right to have the court determine his capacity to stand trial. Pate v. Robinson, 383 U.S. 375, 384, 86 S.Ct. 836 (1966).

In the case at bar, Johnson pleaded not guilty, then changed his plea to guilty; he never entered a plea of not guilty by reason of insanity. Johnson has never claimed and has not adduced any evidence now to show he was legally insane[2] at the time of the offense. Johnson's attorney obviously made a tactical decision to recommend that he accept the plea agreement rather than pursue an insanity defense which was apparently unsupported by evidence.

Moreover, the only evidence that Johnson suffered a mental competency problem is the fact that Johnson's attorney raised the issue of his mental competence. Johnson's attorney requested funds to employ a psychologist to evaluate him and a physician to check him for traumatic brain injury. However, there is no evidence in the record or offered with the habeas petition, no medical records or testimony which show, and Johnson has not claimed, that he ever suffered a head injury or anything else that could have injured his brain, or that he was not mentally capable of assisting with his defense, or that he was legally insane at the time he committed the

---

[2] La.C.Cr.P. arts. 552 and 650, et seq.

9

offenses.

It also bears repeating that Johnson has not claimed he was insane or mentally incompetent; he simply claims his attorney was ineffective for failing to investigate that defense and has not offered any meaningful evidence to support that claim. Therefore, Johnson falls far short of meeting his burden of proving, or even making a prima facie case, that his attorney's failure to investigate resulted in an actual and substantial disadvantage to the course of his defense.

Since Johnson has offered no evidence to support his claim that his attorney was ineffective for failing to pursue the defense of insanity or a claim of mental incompetence to proceed, Johnson's habeas petition should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Johnson's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual**

**findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the _____ day of October 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

11